MAE McGOWAN v. W. W. CHASE, as Sheriff of Polk County.

182 So. 771.

Opinion Filed July 8, 1938.

*Martin & Martin,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

BUFORD, J.—In habeas corpus proceeding, original jurisdiction, petitioner alleges that she is unlawfully restrained of her liberty by the Sheriff of Polk County, Florida, under authority of a warrant issued pursuant to the filing of an information in the Criminal Court of Record.

The information charged:

"That Mae McGowan, of the County of Polk and State of Florida, on the 7th day of August in the year of our Lord, one thousand nine hundred and thirty-seven, in the county and State aforesaid, did willfully and unlawfully, and without the consent of H. M. Fraser, he being the owner of 67 head of cattle, and for the purpose of injuring the said H. M. Fraser, the owner of said cattle, pen up and enclose said cattle, which said cattle before being so penned by Mae McGowan had been in and upon the range of H. M. Fraser."

It is apparent that the information purports to charge the offense denounced by Section 5237 R. G. S., 7356 C. G. L., which is as follows:

"Maliciously driving or penning cattle.—Whoever, without the consent of the owner, shall interfere with cattle or other domestic animals on the ranges of the State, either for the purpose of annoying or injuring the owner or person in charge thereof, or to obtain some personal benefit for himself or for any person other than the owner thereof, by willfully or maliciously driving from one place to another or by penning such cattle or other domestic animals, shall be punished by imprisonment not exceeding six months, or by fine not exceeding one hundred dollars."

The gist of the offense denounced and attempted to be charged is that "without the consent of the owner of cattle on the ranges of the State * * * for the purpose of * * * injuring the owner * * * penning such cattle."

The information does not entirely fail to charge an offense under the statute cited. The statute is not attacked, but it is contended that the statute is not applicable to Polk County because of the enactment of Chapter 9580, Special Acts of 1923, as amended by Chapter 11024, Special Acts of 1925.

Chapter 9580, *supra*, was an Act entitled:

"An Act to Permit the Qualified Voters of Polk County, Florida, to Decide Whether Live Stock Shall Be Allowed to Run or Roam at Large Within the Territorial Limits of Said County, and to Require the Fencing of County Boundaries, and Providing for the Enforcement and Carrying out of This Act, and for the Impounding and Sale of Live Stock Found Running or Roaming at Large in Said County."

Sections 1 and 2 of the Act provide:

"Section 1. That from and after the passage of this Act and its ratification by a majority of the qualified voters of Polk County, Florida, it shall be unlawful for live stock to run or roam at large within the boundaries of Polk County, Florida, as hereinafter provided.

"Sec. 2. The Board of County Commissioners of said County shall not earlier than September 30, 1923, nor later than November 30, 1923, issue a call and provide for an election upon the question of allowing live stock to run or roam at large within Polk County, Florida; said Board of County Commissioners shall fix the date for the holding of the election within forty (40) days from the call of the election, and the said election shall be held on a day specified in the call for the election after giving thirty (30) days' notice thereof by publication in a newspaper published in said County; such election to be conducted and the canvass of the votes certified to and returned, and the canvass of returns made in the manner and within the time prescribed for general election including the qualifications of voters, except that the returns shall be delivered to the Chairman and Clerk of the Board of County Commissioners instead of the Supervisor of Registration and County Judge, and that the Board of County Commissioners shall canvass the returns and declare the results and cause the same to be recorded in their minutes."

Section 5 provided:

"Sec. 5. That any person may and it shall be the duty of the Sheriff of the said County and of any Constable within his district in said County to take or cause to be taken up and impounded any live stock found running or roaming at large within the territorial limits of Polk County, Florida, and such impounder may demand the sum of fifty cents for each animal for each day the same is kept impounded, and the sum of fifty cents per head for the taking

and impounding of the same and the person having charge of such live stock when impounded is hereby required to feed, water and give such other care as is necessary to keep and maintain such live stock in as good condition as when impounded."

Section 12 of the Act provided:

"Sec. 12. In the event the result of the election is against live stock running at large then the Board of County Commissioners is authorized, and it shall be the duty of the said Board of County Commissioners, to construct as soon as practicable a four strand four barbed standard weight cattle wire fence along such county boundary lines of said county as may not have natural barriers or which are adjacent to open range territory."

Chapter 11024, Special Acts of 1925, was entitled:

"AN ACT TO AMEND SECTIONS 5 AND 12 OF AN ACT ENTITLED: 'AN ACT TO PERMIT THE QUALIFIED VOTERS OF POLK COUNTY, FLORIDA, TO DECIDE WHETHER LIVE STOCK SHALL BE ALLOWED TO RUN OR ROAM AT LARGE WITHIN THE TERRITORIAL LIMITS OF SAID COUNTY AND TO REQUIRE THE FENCING OF COUNTY BOUNDARIES AND PROVIDING FOR THE ENFORCEMENT AND CARRYING OUT OF THIS ACT, AND FOR THE IMPOUNDING AND SALE OF LIVE STOCK FOUND ROAMING OR RUNNING AT LARGE IN SAID COUNTY,' SAID ACT BEING KNOWN AS CHAPTER 9580, LAWS OF FLORIDA, 1923, WHICH BECAME A LAW WITHOUT THE APPROVAL OF THE GOVERNOR."

The Act provided:

"Section 1. That Sections 5 and 12 of An Act entitled 'An Act to Permit the Qualified Voters of Polk County, Florida, to decide whether live stock shall be allowed to run or roam at large within the territorial limits of said County, and to require the fencing of County boundaries,

and providing for the enforcement and carrying out of this Act, and for the impounding and sale of live stock found running or roaming at large in said County,' said Act being known as Chapter 9580, Laws of Florida, 1923, be and the same are hereby amended to read as follows:

" 'Section 5. That any person may and it shall be the duty of the Sheriff of the said County and of any Constable within his District in the said County to take or cause to be taken up and impounded, all live stock found running or roaming at large within the territorial limits of Polk County, Florida, and such impounder may demand the sum of fifty (50 cents) for each animal for each day the same is kept impounded and the sum of Two Dollars ($2.00) per head for the taking up and impounding of the same, and the person having charge of such live stock when impounded is hereby required to feed, water and give such other care as is necessary to keep and maintain such live stock in as good condition as when impounded.'

" 'Section 12. The owner of any live stock running or roaming at large within Polk County, Florida, whether the owner or owners reside in said County or not, shall be liable to the person damaged for any and all damages caused by such owner's live stock when so running or roaming at large, to be recovered by suit in any Court having jurisdiction.' "

So, the result was to insert new provisions in lieu of Sections 5 and 12 of the original Act and leave them standing as a whole after such substitution. After the amendment, the Act was as if Section 12 had been written into the original Act in the language of the amendment instead of the language as originally used in that section.

The Act here under consideration as amended was before us in the case of Gill, *et al.,* v. Wilder, 95 Fla. 901,

116 Sou. 870, and its constitutional validity was there affirmed.

The provisions of Section 5237 R. G. S., 7356 C. G. L., and the provisions of Chapter 9580, Special Acts of 1923, as amended by Chapter 11024, Special Acts of 1925, each have fields of operation in Polk County.

Under the provisions of the general Act it is unlawful for one *for the purpose of injuring the owner* to pen up cattle of another found on any ranges of the State. The intent to injure the owner is the gravamen of the offense.

Under the provisions of the Special Acts, *supra,* applying to Polk County, however, one may impound the cattle of another found roaming in that County in violation of law for the purpose of enforcing the provisions of such Special Acts and if it be shown that such is the purpose for which the cattle have been penned or impounded the injury to the owner must be considered as incidental.

The Special Statutes do not authorize the impounding of cattle found on the range, which range belongs by title or lease to the owner of the cattle so long as the owner by any means confines the cattle to the range which he holds under title in himself or by lease from the title owner thereof.

As we construe the language, "the ranges of the State," as used in the General Statutes, *supra,* it means any ranges used by cattle or other domestic animals in the State of Florida and does not confine the operation of the Act to those cattle or other domestic animals found on ranges the title to which is in the State of Florida.

We express no opinion as to whether or not the information should withstand attack by motion to quash or as to whether or not it should be required to be supplemented by bill of particulars. We only hold that the information does not so entirely fail to charge an offense under the ap-

plicable statute as to require us to hold it insufficient to meet the attack here presented and discharge the petitioner.

For the reasons stated, petitioner is remanded and the cause dismissed.

So ordered.

WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to the conclusion.